2008 OK 62

STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Stephen Farris SHANBOUR, Respondent.

SCBD No. 4781.

Supreme Court of Oklahoma.

June 24, 2008.

Loraine Dillinder Farabow, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Complainant.

J. David Ogle, Oklahoma City, OK, for Respondent.

OPALA, J.

¶ 1 This cause is reached for consideration on respondent's petition for modification of this court's outstanding order that imposes disbarment.

I

**INTRODUCTION TO THE RECORD**

¶ 2 There is no formal process in the Rules Governing Disciplinary Proceedings (RGDP) for post-rehearing modification of a prior disciplinary pronouncement.

¶ 3 In November 2002 Stephen Farris Shanbour (respondent or Shanbour), at that time a licensed attorney, was convicted in Oklahoma County District Court of and sentenced in punishment for ten (10) criminal charges.[1] The charges comprised one (1) count of stalking in violation of 21 O.S.2001 § 1173 and nine (9) felony counts of either distribution or attempted distribution of obscene or indecent material in violation of 21 O.S.2001 § 1021.[2] On December 23, 2003,

1. *State of Oklahoma v. Stephen Farris Shanbour,* Oklahoma County District Court Case No. CF–2000–4864.

2. 21 O.S.2001 § 1021 provides:
   A. Every person who willfully and knowingly either:

based upon these criminal convictions, Shanbour was disbarred effective January 27, 2003, the date respondent was initially suspended from the practice of law.[3]

¶4 On April 2, 2007 the District Court of Oklahoma County entered an order granting post-conviction relief and directing *nunc pro tunc* modification of the respondent's criminal judgment and sentence. The court found that the misdemeanor section's provision in 21 O.S.2001 § 1040.8 specifically covered Shanbour's conduct rather than the more general felony provision in 21 O.S.2001 § 1021.[4] The court thus ordered that judgment and sentence on the nine (9) felony counts be corrected to reflect misdemeanor convictions in violation of 21 O.S.2001 § 1040.8 for the unsolicited mailing of obscene material. The one (1) count of misdemeanor stalking in violation of 21 O.S.2001 § 1173 remained unaffected.

¶5 As a result of the change in his judgment and sentence upon nine (9) of the criminal convictions, the respondent petitions for the modification of the order of discipline

1. Lewdly exposes his person or genitals in any public place, or in any place where there are present other persons to be offended or annoyed thereby;

2. Procures, counsels, or assists any person to expose such person, or to make any other exhibition of such person to public view or to the view of any number of persons, for the purpose of sexual stimulation of the viewer;

3. Writes, composes, stereotypes, prints, photographs, designs, copies, draws, engraves, paints, molds, cuts, or otherwise prepares, publishes, sells, distributes, keeps for sale, knowingly downloads on a computer, or exhibits any obscene material or child pornography; or

4. Makes, prepares, cuts, sells, gives, loans, distributes, keeps for sale, or exhibits any disc record, metal, plastic, or wax, wire or tape recording, or any type of obscene material or child pornography, shall be guilty, upon conviction, of a felony and shall be punished by the imposition of a fine of not less than Five Hundred Dollars ($500.00) nor more than Twenty Thousand Dollars ($20,000.00) or by imprisonment for not less than thirty (30) days nor more than ten (10) years, or by both such fine and imprisonment.

B. Every person who:

1. Willfully solicits or aids a minor child to perform; or

2. Shows, exhibits, loans, or distributes to a minor child any obscene material or child pornography for the purpose of inducing said minor to participate in, any act specified in paragraphs 1, 2, 3 or 4 of subsection A of this section shall be guilty of a felony, upon conviction, and shall be punished by imprisonment in the custody of the Department of Corrections for not less than ten (10) years nor more than thirty (30) years, except when the minor child is under twelve (12) years of age at the time the offense is committed, and in such case the person shall, upon conviction, be punished by imprisonment in the custody of the Department of Corrections for not less than twenty-five (25) years.

C. Persons convicted under this section shall not be eligible for a deferred sentence.

D. Except for persons sentenced to life or life without parole, any person sentenced to imprisonment for two (2) years or more for a violation of this section shall be required to serve a term of post-imprisonment supervision pursuant to sub-paragraph f of paragraph 1 of subsection A of Section 991a of Title 22 of the Oklahoma Statutes under conditions determined by the Department of Corrections. The jury shall be advised that the mandatory post-imprisonment supervision shall be in addition to the actual imprisonment.

E. For purposes of this section, "downloading on a computer" means electronically transferring an electronic file from one computer or electronic media to another computer or electronic media.

3. *State ex rel. Oklahoma Bar Ass'n v. Shanbour*, 2003 OK 116, 84 P.3d 107.

4. 21 O.S.2001 § 1040.8 provides:

No person shall knowingly photograph, act in, pose for, model for, print, sell, offer for sale, give away, exhibit, publish, offer to publish, or otherwise distribute, display, or exhibit any book, magazine, story, pamphlet, paper, writing, card, advertisement, circular, print, picture, photograph, motion picture film, electronic video game or recording, image, cast, slide, figure, instrument, statue, drawing, presentation, or other article which is obscene material or child pornography, as defined in Section 1024.1 of this title. In the case of any unsolicited mailing of any of the material listed in this section, the offense is deemed complete from the time such material is deposited in any post office or delivered to any person with intent that it shall be forwarded. Also, unless preempted by federal law, no unsolicited mail which is harmful to minors pursuant to Section 1040.75 of this title shall be mailed to any person. The party mailing the materials specified in this section may be indicted and tried in any county wherein such material is deposited or delivered, or in which it is received by the person to whom it is addressed. Any person who violates any provision of this section, upon conviction, shall be guilty of a misdemeanor and shall be punished by imprisonment in the county jail for not more than one (1) year or by a fine of not more than One Thousand Dollars ($1,000.00), or by both such fine and imprisonment.

imposed previously from that of disbarment to a one (1) year suspension to be applied retroactively to the date of original disbarment, January 27, 2003.

## II

### DISCUSSION

■ ¶ 6 In this Court's Order disbarring the respondent we described the nature of the crimes as follows.

In essence, at some time in the fall of 1998 respondent began a relentless campaign to harass a former secretary (R.H.). The harassment expanded to include R.H.'s boyfriend (T.H.) and the boyfriend's daughter (A.H.), who was approximately eleven (11) years old. Respondent's criminal behavior began because he became obsessed with R.H. and the criminal activity continued until approximately July 2000 when he was arrested. The pre-sentence investigation report in the criminal case (submitted to us in this matter by respondent), plainly indicates that respondent knew the wrongfulness of his misconduct. The intended victim of the four attempted distribution counts to which respondent plead guilty was A. H., the minor daughter of T.H. The materials respondent was using to harass or attempt to harass his victims include his "writings", which he mainly placed on cards and/or postcards mailed to his victims. **These materials include some of the most vile language imaginable.** It is plain from our review of the pre-sentence investigation report that, at least, some of the materials were, at a minimum, impliedly threatening and caused fear in one or more of the victims. Further, in one case, in essence, the material accused T.H. of child molestation. The only reason A.H. did not actually view respondent's abhorrent "writings" was that T.H. was able to intercept the mail at their residence before his daughter was exposed to it. As to the five distribution counts to which he plead guilty, one involved material sent to R. H., one to T. H., one to T. H.'s boss, and one each to two other women.[5]

¶ 7 We found that **at a minimum** the respondent violated Rule 8.4(b) of the Oklahoma Rules of Professional Conduct (ORPC) which states "it is professional misconduct for a lawyer to ... commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." [6] We found that the respondent's conduct violated Rule 1.3 of the Rules Governing Disciplinary Proceedings (RGDP).[7]

■ ¶ 8 The fact that the respondent's misconduct has more recently been described as a misdemeanor rather than a felony has no effect on this court's decision to disbar the respondent. We acknowledge that in no prior disciplinary case has an attorney been disbarred for committing a misdemeanor. We also recognize that "[i]n determining the proper discipline this Court compares the circumstances of the involved case with those of similar previous disciplinary cases involving other attorneys." [8] Nevertheless, this comparison is made to determine "how best to serve the welfare of the public and the integrity of the bar." [9] Moreover, as noted by this court in its original determination to disbar the respondent, "this Court has recognized that the extent of discipline must be decided on a case-by-case basis because each situation will usually involve different transgressions and different mitigating circumstances." [10]

¶ 9 The respondent's conduct was found to violate Rule 8.4(b) of the ORPC and Rule 1.3 of the RGDP. Neither rule, in its text or in comment, distinguishes criminal conduct statutorily labeled a felony from that which is

**5.** *Shanbour, supra* note 3, at ¶ 5–6 at 110–11.

**6.** *Id.* at ¶ 7, at 111.

**7.** *Id.*

**8.** *State ex rel. Oklahoma Bar Ass'n v. Meek,* 1994 OK 118, 895 P.2d 692, 700 (citation omitted).

**9.** *Id.*

**10.** *Shanbour, supra* note 3, at ¶ 5 at 110 (citation omitted).

labeled a misdemeanor.[11] In fact, the wording in Rule 1.3 of the RGDP specifically discounts such a distinction: "The commission by any lawyer of any act contrary to prescribed standards of conduct . . . shall be grounds for disciplinary action, **whether or not the act is a felony or misdemeanor, or a crime at all.**" [12]

¶ 10 The respondent's "conduct involved multiple victims and occurred over a lengthy period of time." [13] "The most egregious transgression(s), in our view, attempted to envelope an innocent minor in his obsessive scheme of relentless harassment." [14] In determining the respondent must be disbarred we clearly focused on the nature of the crimes committed.[15] We stated: "In our view, respondent stands **convicted of crimes** that demonstrate his unfitness to practice law and that warrant his disbarment." [16] Further: "[T]he **nature of the crimes** in this matter lead us to the conclusion that respondent must be disbarred. . . . **Respondent's overall conduct** displayed a complete abdication of judgment. . . . **In view of our responsibility to protect the public** and to preserve the trust and confidence in those individuals who are licensed by this Court as legal practitioners, and **considering the nature of these crimes,** disbarment is warranted." [17]

¶ 11 In his petition for modification of the order imposing discipline respondent asserts that he has been treated by a psychiatrist, is presently sound of mind, has recovered from his depression and obsessive behavior, and continues to take medication and follow treatment. Similar materials were reviewed in mitigation when this court disbarred the respondent.[18] All these materials were held unpersuasive at the earlier stage of the proceeding and are unpersuasive now. We affirm: "Notwithstanding the materials presented by respondent in mitigation . . ., we conclude that disbarment is the appropriate discipline and that respondent's disbarment will best serve the welfare of the public and the integrity of the bar." [19]

### III

### SUMMARY

¶ 12 In sum, it was the nature of the misconduct committed by the respondent that led to his disbarment, not merely the felony label attached to them by law. After a complete review of the papers on file, we find and direct that

¶ 13 **RESPONDENT'S PETITION FOR MODIFICATION OF PRIOR ORDER IMPOSING DISCIPLINE IS DENIED.**

¶ 14 WINCHESTER, C.J., EDMONDSON, V.C.J., HARGRAVE, OPALA, KAUGER, WATT, TAYLOR and COLBERT, JJ., CONCUR.

---

**11.** The provisions of ORPC Rule 8.4(b), 5 O.S. 2001, Ch. 1, App. 3–A, state in pertinent part: "It is professional misconduct for a lawyer to: (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

The provision of RGDP Rule 1.3, O.S.2001, Ch. 1, App. 1–A, state in pertinent part: "The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would be reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all."

**12.** RGDP Rule 1.3, 5 O.S.2001, Ch. 1, App. 1–A.

**13.** *Shanbour, supra* note 3, at ¶ 9 at 111.

**14.** *Id.*

**15.** We recognize that footnote 3 in the original *Shanbour* opinion might be interpreted to mean that our decision to disbar the respondent was based upon his nine felony convictions. This reading is in error. The body of the opinion clearly and distinctly indicates that our decision to disbar the respondent was based **on the vile nature of his crimes.**

**16.** *Shanbour, supra* note 3, at ¶ 5 at 110.

**17.** *Id.* at ¶ 9 at 111–12.

**18.** *Id.* at ¶ 8 at 111.

**19.** *Id.* at ¶ 9 at 111.